1   Douglas E. Dexter (State Bar No. 115868)
    ddexter@fbm.com
2   Kevin L. Jones (State Bar No. 324068)
    kjones@fbm.com
3   Benjamin R. Buchwalter (State Bar No. 301130)
    bbuchwalter@fbm.com
4   Margaret J.C. Salisbury (State Bar No. 354442)
    msalisbury@fbm.com
5   Farella Braun + Martel LLP
    One Bush Street, Suite 900
6   San Francisco, California 94104
    Telephone: (415) 954-4400
7   Facsimile: (415) 954-4480

8   Attorneys for Defendant AMAZON.COM, INC.
    and AMAZON.COM SERVICES LLC

9

10                  UNITED STATES DISTRICT COURT

11      EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

12

13  | JAMES COPELAND,                          | Case No. 2:25-cv-0445-TLN-JDP |

14  |              Plaintiff,                   | [PROPOSED] STIPULATED PROTECTIVE ORDER |

15  |        vs.                                | Magistrate Judge Jeremy D. Peterson |

16  | AMAZON.COM, INC.; AMAZON.COM             | Courtroom 9, 13th Floor |
    | SERVICES LLC; and DOES 1 through 20,     |
17  | inclusive,                               | Trial Date:        None Set. |

18  |              Defendants.                  |

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
Case No. 2:25-cv-00445-JDP

46265\20641956.1

IT IS HEREBY STIPULATED by and between Plaintiff James Copeland ("Plaintiff") and Defendants AMAZON.COM, INC. and AMAZON.COM SERVICES LLC (collectively "Defendants") (collectively "the parties"), through their respective attorneys of record, hereby stipulate for the purpose of jointly requesting that the honorable Court enter a protective order regarding confidential documents and information in this matter (and pursuant to Fed. R. Civ. P. 5.2, 7, and 26, as well as, U.S. Dist. Ct., E.D. Cal. Local Rule 141, 141.1, 143, and 251) as follows:

**1.      PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve the production of confidential, proprietary, sensitive, and/or private information that has not been disseminated to the public, which is not readily discoverable by competitors, and has been the subject of reasonable efforts by the parties to maintain its secrecy. Such information warrants special protection from public disclosure and from use for any purpose other than prosecuting this litigation. Accordingly, the parties hereby stipulate to the following Stipulated Protective Order, which, among other things, identifies categories of "CONFIDENTIAL" information and items, and how the parties may use and disclose such information and items. Pursuant to Local Rule 141.1(c)(3), the Parties request that this Court "So Order" the following Stipulated Protective Order to ensure that the parties have sufficient recourse if they cannot resolve a dispute amongst themselves; need to modify any terms of this Order; and/or if a third party violates the terms of this Order.

The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 13.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER                    1
Case No. 2:25-cv-00445-JDP

46265\20641956.1

### A.  <u>Good Cause Statement Pursuant to Fed. R. Civ. P. 26</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. The parties recognize that, generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows "good cause" why a protective order is necessary. See Fed. R. Civ. P. 26(c)(1).

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable, necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

<u>Particularized Need for Protection:</u>

Pursuant to Local Rule 141.1(c)(2), Defendants assert that there exists a specific, particularized need for protection as to the information covered by this stipulated protective order. Defendants represented to the Court and Plaintiff that the materials designated to be covered by this stipulated protective order are limited solely to those which would qualify for protection under Federal Rule of Civil Procedure 26(c), and does not include information designated on a blanket or indiscriminate basis.  See, e.g., *In Re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011).

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER                    2
Case No. 2:25-cv-00445-JDP

46265\20641956.1

Showing of Need for a Protective Order:

Pursuant to Local Rule 141.1(c)(3), protection afforded by this stipulated protective order is for the convenience of Defendants and the Court. Defendants seek to avoid litigation and expenditure of resources concerning a potential motion for protective order pursuant to Federal Rule of Civil Procedure 26(c). The entry of this stipulated protective order may prevent the parties and the Court from conducting the usual document-by-document analysis necessary to obtain protection, in favor of a procedure whereby presumptive protection is afforded based on Defendants' good faith representations of the need for protection. See, e.g., *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986) ("[T]he burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order; any other conclusion would turn Rule 26(c) on its head."). As a result, production may be made with this stipulated protective order in place and, if necessary, it will permit discrete and narrowed challenges to documents designated for protection.

**B.    Statement Pursuant to L.R. 141.1**

In accordance with the provisions of Local Rule 141.1, the parties state as follows:

(1)    **L.R. 141.1(c)(1)**: The information eligible for a protective order in this case is:

a.    Medical records of parties and non-parties, including but not limited to records of medical, psychological, or psychiatric diagnosis and/or treatment, which records may contain private health information and other sensitive and private personal identifying information

b.    Personnel information, including compensation information, evaluations, investigation-related documents, or other information that would constitute an unwarranted invasion of personal privacy of the individuals involved or that contains personally identifiable information;

c.    Confidential internal policies which are generally unavailable to the public, governing the management and/or supervision of employees and payment of employee wages and/or benefits;

d.    Confidential and proprietary employee training materials and job tasks and

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER    3
Case No. 2:25-cv-00445-JDP

46265\20641956.1

descriptions concerning the processing and handling of goods and products not known to the public;

e.    Confidential documents reflecting Defendants' corporate and organizational structure, including the identification and personally identifiable information of non-party individuals; and,

f.    Financial records of parties and non-parties, including earnings statements, tax forms, bank statements, credit statements, and other sensitive and private records containing financial and personal identifying information.

(2)    **L.R. 141.1(c)(2)**: Generally speaking, information and documents shall only be designated under the protective order because the Designating Party has a good faith basis to believe the information is protectable under the "good cause" standard of Rule 26(c). Specifically, a particularized need exists as to these categories as follows:

a.    Personnel and personal information as described in (a), (b), (d) and (f), above meets the "good cause" standard because, by definition, such information invades the personal privacy of the affected individuals.

(3)    **L.R. 141.1(c)(3)**: The Parties submit that a stipulated Protective Order is the most efficient method for the parties and the Court to address legitimate confidentiality concerns. The parties have met and conferred on this issue and agree that any private agreement between the parties to safeguard this information will only need to be replicated through orders of this Court at the time of filing dispositive or non-dispositive motions.

2.    **<u>DEFINITIONS</u>**

2.1    Action: This pending federal lawsuit, means the above-entitled proceeding, James Copeland v. Amazon.com, Inc; Amazon.com Services LLC, Case No.: 2:25-cv-00445-JDP, United States District Court, Eastern District of California.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
Case No. 2:25-cv-00445-JDP                    4                    46265\20641956.1

of Civil Procedure 26(c). CONFIDENTIAL Information or Items may include, without limitation, any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

2.4     Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items produced in disclosures or in responses to discovery, or testimony at a deposition, as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to, answers to interrogatories, responses to requests for production, responses to requests for admission, and transcripts of depositions and hearings (or portions of such transcripts).

2.7     "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, which have been produced in discovery in this Proceeding by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     Trade Secret: information, including a formula, pattern, compilation, program, device, method, technique, or process that: (i) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

2.10     In-House Counsel: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
Case No. 2:25-cv-00445-JDP                    5                    46265\20641956.1

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated and/or associated with a law firm which has appeared on behalf of that party, and their support staff.

2.13    Party: any party to this Action, including all of its officers, directors, employees, Experts, and Outside Counsel of Record (and their support staff).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing, organizing, storing, or retrieving data in any form or medium) to a Party and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER                    6
Case No. 2:25-cv-00445-JDP

46265\20641956.1

1  from a source who obtained the information lawfully and under no obligation of confidentiality to

2  the Designating Party. Any use of Protected Material at trial will be governed by a separate

3  agreement or order to be prepared by the Parties for submission to the Court for approval prior to

4  the final pre-trial conference.

5  **4.      DURATION**

6          Even after final disposition of this litigation, the confidentiality obligations imposed by this

7  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

8  otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims

9  and defenses in this Action, with or without prejudice; and (2) final judgment herein after the

10  completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

11  including the time limits for filing any motions or applications for extension of time pursuant to

12  applicable law. For a period of six (6) months after final disposition of this litigation, this Court

13  will retain jurisdiction to enforce the terms of this Order.

14  **5.      DESIGNATING PROTECTED MATERIAL**

15          5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party

16  or Non-Party that designates information or items for protection under this Order must take care to

17  limit any such designation to specific material that qualifies under the appropriate standards. The

18  Designating Party must designate for protection only the portions of material, documents, items,

19  or oral or written communications that qualify so that other portions of the material, documents,

20  items, or communications for which protection is not warranted are not designated, to the extent

21  practicable. Mass, indiscriminate, or routinized designations are prohibited. Designations that are

22  shown to have been made for an improper purpose (e.g., to unnecessarily encumber or retard the

23  case development process or to impose unnecessary expenses and burdens on other parties) expose

24  the Designating Party to sanctions. If it comes to a Designating Party's attention that information

25  or items that it designated for protection do not qualify for protection, then the Designating Party

26  must promptly notify all other Parties that it is withdrawing the inapplicable designation.

27          5.2      Manner and Timing of Designations. Except as otherwise provided in this Order

28  (see, e.g., Paragraphs 5.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER          7          46265\20641956.1
Case No. 2:25-cv-00445-JDP

Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g. by making appropriate markings in the margins).

(b)     For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, or within thirty (30) days of receipt of the deposition transcript from the court reporter ("30-day period") all protected testimony, Disclosure or other proceeding. Where such a designation is timely made, before the close of the deposition, hearing, or other proceeding, the entire deposition transcript will be considered by the Parties as "CONFIDENTIAL" for a 30-day period. After the 30-day period, if no Party has designated some or all of that deposition transcript as "CONFIDENTIAL" under this Protective Order, the entire deposition, or those portions of the deposition not designated as confidential, will no longer be considered confidential.

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). For any information transmitted by electronic means, the label "CONFIDENTIAL" shall appear on the subject of the electronic mail, or on the title of the digital document or documents or other media through which they are conveyed. Similarly, if only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
Case No. 2:25-cv-00445-JDP

8

46265\20641956.1

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Form of Challenges. Any Party may dispute any other Party's designation of any Discovery Material as Protected Material at any time by serving a written notice of objection ("Notice of Objection") to such designation upon the Designating Party, with copies to every other Party. The Notice of Objection shall specify the material or information (including an identification of each document or group of documents by Bates number) that the objecting Party (the "Challenging Party") believes is not properly designated and, for each document for which the designation is challenged, shall set forth the reasons why the designation is improper and should be removed.

6.3     Meet and Confer. The Parties shall attempt to resolve each challenge in good faith and may begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) business days of the date of service of the Notice of Objection. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.4     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the meet and confer on the challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER                    9
Case No. 2:25-cv-00445-JDP

46265\20641956.1

accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any challenge proceeding shall be on the Designating Party. Unless the Designating Party has expressly waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 14 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. CONFIDENTIAL Information or Items may contain sensitive personnel information and/or non-public business information. Accordingly, unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following individuals under the following conditions:

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
Case No. 2:25-cv-00445-JDP                    10                    46265\20641956.1

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees or contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the directors, officers, and employees (including In-House Counsel) of the Parties to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, mock jurors, and professional vendors (such as litigation support services or settlement/notice administrators) to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    any deponent, to whom disclosure is reasonably necessary and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), may be shown or examined on any information, document or thing designated "CONFIDENTIAL" unless otherwise agreed by the Parties or ordered by the Court.

(g)    a witness who has authored or received a copy of the information, document or thing designated "CONFIDENTIAL;"

(h)    any other person as to whom the Designating Party has consented to disclosure in advance;

(i)    such other persons as may be ordered by the Court; and

(j)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by Parties engaged in settlement discussions.

**8.    PROCEDURE FOR DISCLOSURES TO EXPERTS**

Prior to disclosing "CONFIDENTIAL" Material to a Receiving Party's Expert, the Receiving Party must obtain an executed version of the "Acknowledgement and Agreement to Be

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER                    11
Case No. 2:25-cv-00445-JDP                                                46265\20641956.1

1    Bound" that is attached hereto as Exhibit A. Nothing herein shall be construed as to limit the right

2    of a Party to object to any expert.

3    **9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

4    **OTHER LITIGATION**

5         If a Receiving Party is served with a subpoena or a court order issued in other litigation

6    that would compel disclosure of any information or items designated in this Action as

7    "CONFIDENTIAL" the Receiving Party must:

8         (a)      promptly notify in writing the Designating Party (by fax and email, if possible).

9    Such notification must include a copy of the subpoena or court order;

10        (b)      promptly notify in writing the party who caused the subpoena or order to issue in

11   the other litigation that some or all of the material covered by the subpoena or order is subject to

12   this Order. Such notification shall include a copy of this Order; and (c) cooperate with respect to

13   all reasonable procedures sought to be pursued by the Designating Party whose Protected Material

14   may be affected. If the Designating Party timely seeks a protective order, the Receiving Party

15   served with the subpoena or court order shall not produce any information designated in this

16   Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or

17   order issued, unless the Party has obtained the Designating Party's permission. The Designating

18   Party shall bear the burden and expense of seeking production in that court of its confidential

19   material – and nothing in these provisions should be construed as authorizing or encouraging a

20   Receiving Party in this Action to disobey a lawful directive from another court.

21   **10.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

22   **THIS LITIGATION**

23        (a)      The terms of this Order are applicable to information produced by a Non-Party in

24   this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

25   connection with this litigation is protected by the remedies and relief provided by this Order.

26   Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

27   additional protections.

28

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER                    12                    46265\20641956.1
Case No. 2:25-cv-00445-JDP

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER    13
Case No. 2:25-cv-00445-JDP    46265\20641956.1

**12.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>**

**<u>PROTECTED MATERIAL</u>**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

If a Disclosing Party discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture, in this or any other action, of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

A Disclosing Party must promptly notify the Receiving Party, in writing, that it has disclosed Protected Information without intending a waiver by the disclosure and explain, in writing, why the Protected Information is privileged. Upon notification, the Receiving Party must, unless it contests the claim of attorney-client privilege or work product protection, promptly: (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically-stored information, delete) the Protected Information and any reasonably accessible copies it has; and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information.

If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Disclosing Party must, within five (5) business days of receipt of the notice of disclosure, move the Court for a protective order regarding the disclosure of the information claimed (a "Protective Motion"). The Disclosing Party will seek an order of Court permitting the Protective Motion to be filed in compliance with Civil Local Rule 141. Pending resolution of the Protective Motion, the Receiving Party must not use the challenged information in any way or

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER                    14                    46265\20641956.1
Case No. 2:25-cv-00445-JDP

1  disclose it to any person other than those required by law to be served with a copy of the

2  Protective Motion.

3      The Disclosing Party retains the burden of establishing the privileged or protected nature

4  of the Protected Information. Nothing in this Order limits the right of any party to petition the

5  Court for an in camera review of the Protected Information.

6      This Stipulated Protective Order constitutes the entry of an order pursuant to FRE 502(e)

7  and is intended to be enforceable to the fullest extent that the Rules provide. The provisions of

8  Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information

9  produced under this Order to support a claim or defense. The provisions of Federal Rule of

10  Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

11  **13.    MISCELLANEOUS**

12      13.1    Right to Further Relief. Nothing in this Protective Order abridges the right of any

13  person to seek its modification by the Court in the future. Any Party may, via a noticed motion or

14  noticed request to the Court, and for good cause shown, seek a modification of this Protective

15  Order. By agreeing to this Protective Order, no Party shall be deemed to have waived the right to

16  modifications later sought by the Party. Nothing in this Protective Order shall limit the Parties'

17  ability to stipulate to the receipt of Protected Material by a particular individual, to the manner in

18  which an individual may receive such Material, or to modifications to deadlines required by this

19  Protective Order.

20      13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

21  Order, no Party waives any right it otherwise would have to object to disclosing or producing any

22  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

23  Party waives any right to object on any ground to use in evidence of any of the material covered

24  by this Protective Order.

25      13.3    No Modification of Privileges. Nothing in this Order shall modify the law

26  regarding the attorney-client privilege, the attorney work product doctrine, the joint defense

27  privilege, and any other applicable privilege or reason for non-disclosure with respect to trade

28

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER                 15                 46265\20641956.1
Case No. 2:25-cv-00445-JDP

1  secrets or other confidential research, development or commercial information to the extent such

2  privilege exists under applicable law.

3    13.4    Filing Protected Material. Without written permission from the Designating Party

4  or a Court order secured after appropriate notice to all interested persons, a Party may not file in

5  the public record in this Action any Protected Material. A Party that seeks to file under seal any

6  Protected Material must comply with Civil Local Rules and all General Orders. Protected Material

7  may only be filed under seal pursuant to a Court order authorizing the sealing of the specific

8  Protected Material at issue. Pursuant to Civil Local Rules 141, a sealing order will issue only upon

9  a request establishing that the Protected Material at issue is privileged, protectable as a trade

10  secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file

11  Protected Material under seal pursuant to Civil Local Rule 141 is denied by the Court, then the

12  Receiving Party may file the information in the public record unless otherwise instructed by the

13  Court.

14    13.5    Effective Date. This Protective Order shall be effective upon the date of execution

15  by both Parties, unless the Court orders otherwise.

16  **14.    <u>FINAL DISPOSITION</u>**

17    Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60)

18  days after the final disposition of this Action, as defined in paragraph 4, above, each Receiving

19  Party must return all Protected Material to the Producing Party or destroy such material. As used

20  in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

21  summaries, and any other format reproducing or capturing any of the Protected Material. Whether

22  the Protected Material is returned or destroyed, the Receiving Party must submit a written

23  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

24  by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected

25  Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

26  any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

27  of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival

28  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER                16
Case No. 2:25-cv-00445-JDP

46265\20641956.1

1   correspondence, deposition and trial exhibits, expert reports, attorney work product, and

2   consultant and expert work product, even if such materials contain Protected Material. Any such

3   archival copies that contain or constitute Protected Material remain subject to this Protective Order

4   as set forth in Paragraph 4 (DURATION), above.

5   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

6   Dated:  November 4, 2025                    FARELLA BRAUN + MARTEL LLP

7

8                                               By:  ____/s/ Kevin L. Jones_____
                                                        Kevin L. Jones
9
                                                Attorneys for Defendant AMAZON.COM, INC. and
10                                              AMAZON.COM SERVICES LLC

11  Dated:  November 4, 2025

12

13                                              By:  ____/s/ Michael Freiman_____
                                                        Michael Freiman
14
                                                Attorneys for Plaintiff
15                                              JAMES COPELAND

16                                      **ATTESTATION**

17          I attest that all other signatories listed, and on whose behalf the filing is submitted, concur

18  in the filing's content and have authorized the filing.

19  Dated:  November 4, 2025                    FARELLA BRAUN + MARTEL LLP

20

21                                              By:  ____/s/ Kevin L. Jones_____
                                                        Kevin L. Jones
22
                                                Attorneys for Defendant AMAZON.COM, INC. and
23                                              AMAZON.COM SERVICES LLC

24

25  / / /

26  / / /

27  / / /

28  / / /

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER                    17                    46265\20641956.1
Case No. 2:25-cv-00445-JDP

1

**ORDER**

2          GOOD CAUSE APPEARING, the Court hereby approves this Stipulated Protective Order

3   with the additional clarification and order that once this action is closed, the court will not retain

4   jurisdiction over enforcement of the terms of this discovery protective order.  *See* L.R. 141.1(f).

5

6   IT IS SO ORDERED.

7

8   Dated:    November 5, 2025

9                                                                        JEREMY D. PETERSON
                                                                         UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER                     18                              46265\20641956.1
Case No. 2:25-cv-00445-JDP

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Eastern District of California on [date] in the

case of *Copeland v. Amazon.com, Inc. and Amazon.com Services LLC*, United States District

Court, Eastern District of California, Case No. 2:25-cv-00445-JDP. I agree to comply with and to

be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER                19                               46265\20641956.1
Case No. 2:25-cv-00445-JDP